Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3617 | **DATE** | May 28, 2013 |
| **CASE TITLE** | Keycie Street (#2012-0423098) v. Cook County, Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $18.67 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue. The complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. Dismissal is without prejudice to filing suit in state court.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Keycie Street, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $18.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on March 18, 2013, Dr. Ting was removing a PICC line (Peripherally Inserted Central Catheter) and that he "seemed a bit in a rush" before starting the procedure. While performing the removal, Dr. Ting failed "to take the prosper safety measures while cutting the stitches," and cut the PICC line, resulting in part of the PICC line in Plaintiff's body requiring surgical removal at another facility.

Plaintiff names Cook County, Sheriff Dart, and Dr. Ting as Defendants. As to Cook County and Sheriff Dart, Plaintiff alleges they are responsible for what happens in Cook County Jail. There are no allegations that these Defendants were in any way involved in the medical procedure. Liability does not attach under Section 1983 to Cook County or Sheriff Dart merely because of their supervisory role. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

As to Dr. Ting, Plaintiff's allegations do not rise to the level of a constitutional violation necessary for deliberate indifference. Medical malpractice, negligence nor gross negligence are sufficient to establish a constitutional violation.

## STATEMENT

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Ortiz v. Webster*, 655 F.3d 731, 736 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 106; *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). At best, Plaintiff's allegations regarding Dr. Ting rushing through the procedure would rise to medical malpractice or gross negligence - not deliberate indifference. If Plaintiff wishes to sue Dr. Ting for negligence, medical malpractice, or any other state tort, he must do so in state court.

    For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to filing suit in state court.